```
     G6KELICC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                           16 CR 342(SHS)

5    ALEX LICHTENSTEIN and
     DAVID VILLANUEVA,
6
                   Defendants.
7
     ------------------------------x
8
                                            June 20, 2016
9                                           2:37 p.m.

10

11   Before:

12                    HON. SIDNEY H. STEIN,

13                                          District Judge

14
                              APPEARANCES
15
     PREET BHARARA
16        United States Attorney for the
          Southern District of New York
17   BY:  KAN M. NAWADAY
          RUSSELL CAPONE
18        MARTIN BELL
          Assistant United States Attorneys
19
     RICHARD FINKEL
20        Attorney for Defendant Lichtenstein

21   ANDREW QUINN
          Attorney for Defendant Villanueva
22
     ALSO PRESENT:  Jennifer Ranucci, FBI
23                  Ashley Cosme, Pretrial

24

25
```

G6KELICC

1         (In open court)
2         THE DEPUTY CLERK:  United States against David
3    Villanueva and Alex Lichtenstein, 16 Crim. 342.  Counsel,
4    please state your names for the record.
5         MR. NAWADAY:  Good afternoon, your Honor.  Kan
6    Nawaday, Martin Bell and Russell Capone for the government.
7    Joining us is Special Agent Jennifer Ranucci of the FBI, and
8    also United States Pretrial Services Officer Cosme.
9         THE COURT:  Good afternoon.
10        MR. QUINN:  Good afternoon, your Honor.  Andrew Quinn
11   representing David Villanueva.
12        THE COURT:  Who's present.  Good afternoon.
13        MR. FINKEL:  Good afternoon, your Honor.  Richard A.
14   Finkel representing Alex Lichtenstein.
15        THE COURT:  Good afternoon.
16        You may be seated in the courtroom.
17        I gather, government, that this is for an arraignment
18   on S2 for Mr. Lichtenstein and an initial appearance and
19   arraignment on S2 for Mr. Villanueva, is that correct?
20        MR. NAWADAY:  That's correct, your Honor.  And
21   Defendant Villanueva was arrested at approximately 6:00 a.m.
22   this morning.
23        THE COURT:  Thank you.
24        Let's do the arraignment on S2 of Mr. Lichtenstein
25   first.

G6KELICC

1              Mr. Lichtenstein, if you would rise.  Sir, what's your
2    full name?
3              DEFENDANT LICHTENSTEIN:  Alex Lichtenstein.
4              THE COURT:  Mr. Lichtenstein, have you received a copy
5    of indictment S2 16 Crim. 342, sir?
6              DEFENDANT LICHTENSTEIN:  Yes, your Honor.
7              THE COURT:  Have you read it?
8              DEFENDANT LICHTENSTEIN:  Yes.
9              THE COURT:  You have the right to have me read it
10   aloud in open court, just as you did on S1.  And similarly, you
11   also can waive my reading of it.  It's whatever you wish.
12             Do you want me to read it, or do you want to waive my
13   reading of S2?
14             MR. FINKEL:  We'll waive a reading of the indictment,
15   your Honor.
16             THE COURT:  Mr. Lichtenstein, is that what you wish?
17             DEFENDANT LICHTENSTEIN:  Yes.
18             THE COURT:  All right.  I accept that as a knowing and
19   voluntary waiver of the reading of the S2 indictment.
20             How do you plead, sir, to the charges against you in
21   that indictment?
22             DEFENDANT LICHTENSTEIN:  Not guilty, your Honor.
23             THE COURT:  I accept your plea of not guilty.  Thank
24   you, Mr. Lichtenstein.  You may be seated.
25             Now let me turn to Mr. Villanueva.

G6KELICC

1            Mr. Villanueva, if you would rise.

2            Sir, what's your full name, sir?

3            DEFENDANT VILLANUEVA:  First name David, last name

4    Villanueva.

5            THE COURT:  Mr. Villanueva, I wish to advise you of

6    certain rights you have.  Because this is your initial

7    presentment before a judicial officer, you have the right to

8    remain silent, sir.  You don't have to make any statement to

9    the law enforcement authorities whatsoever.  And even if you

10   have already made one or more statements to the authorities,

11   you don't have to make any additional statements at all.

12           Do you understand those rights?

13           DEFENDANT VILLANUEVA:  I understand, your Honor.

14           THE COURT:  Do you also understand that any statements

15   that you do make can be used against you?

16           DEFENDANT VILLANUEVA:  Yes.

17           THE COURT:  You also have the right to be represented

18   by an attorney today and at all future proceedings in this

19   case.  And if you cannot afford an attorney, I will appoint an

20   attorney to represent you at no cost to you.  You won't have to

21   pay for that attorney, and you won't have to pay any court

22   costs at all.

23           Do you understand those rights?

24           DEFENDANT VILLANUEVA:  I understand, your Honor.

25           THE COURT:  It appears that you do have an attorney

G6KELICC

1  here today.  Is that true?
2              DEFENDANT VILLANUEVA:  Correct, your Honor.
3              THE COURT:  Who is that?
4              DEFENDANT VILLANUEVA:  Attorney Quinn.
5              THE COURT:  And, Mr. Quinn, I take it you're retained,
6  sir?
7              MR. QUINN:  I am, your Honor.
8              THE COURT:  Thank you.
9              Have you received a copy of the S2 indictment against
10 you, sir?
11             DEFENDANT VILLANUEVA:  Yes, your Honor.
12             THE COURT:  Have you read it?
13             DEFENDANT VILLANUEVA:  Yes, your Honor.
14             THE COURT:  Did you discuss it with your attorney?
15             DEFENDANT VILLANUEVA:  Yes, your Honor.
16             THE COURT:  Mr. Lichtenstein, I should have asked you
17 that as well.
18             Have you discussed the S2 indictment with your
19 attorney?
20             DEFENDANT LICHTENSTEIN:  Yes, sir.
21             THE COURT:  Thank you.  You may be seated, sir.
22             Now, Mr. Villanueva, you also have the right to have
23 me read that indictment to you in open court or you can waive
24 my reading of it.  It really doesn't matter.
25             Do you want me to read it?

1         DEFENDANT VILLANUEVA:  I'm going to waive it, your
2    Honor.
3         THE COURT:  I accept that as a knowing and voluntary
4    waiver of the right to have the indictment read.
5         How do you plead to the charges against you in the
6    indictment S2 16 Crim. 342, sir?
7         DEFENDANT VILLANUEVA:  Not guilty, your Honor.
8         THE COURT:  I accept your plea of not guilty,
9    Mr. Villanueva.
10         What I'd like to do is establish the same schedule on
11    the S2 indictment that we already have on the S1 indictment.
12    And let me tell each of you what my notes indicate on the S1
13    indictment.
14         That is, the last day of discovery by the government
15    is July 8.  The last day for defense motions is August 16.  On
16    August 16 at 11:00 a.m. we'll have a pretrial conference.  And
17    if there are motions, I'll set a briefing schedule on any
18    motions that there are.  I'll read them.  I'll skim the
19    motions.  At that time I'll talk to the parties about what they
20    believe an appropriate briefing schedule is; that is, for
21    response.  And if any fact hearing is needed, I'll set a date
22    for the fact hearing on August 16th as well.  That's the
23    schedule on S1.
24         Mr. Finkel, I don't think there's any reason why I
25    should alter that on S2.  Are you aware of any?

G6KELICC

MR. FINKEL:  No, your Honor.  As your Honor wishes.

THE COURT:  Are you aware of any reason I should alter it, government?

MR. NAWADAY:  No, your Honor.  We are prepared to proceed on that schedule.

We did provide this morning just now to Mr. Quinn certain discovery that we had previously provided to Mr. Lichtenstein's attorney.  And we think we can finish our production of discovery as scheduled on July 8.

THE COURT:  Mr. Quinn, unless you have any objection, I'll set that as the schedule on S2.

MR. QUINN:  Judge, I don't anticipate -- I have no objection now.  And I would expect, unless I discover something in discovery that would require me to make an additional request for time, I think that schedule should be fine.

THE COURT:  Fine.  Then I hereby impose it.

I take it there's an issue of bail that needs to be resolved.  Bail needs to be set or denied in connection with Mr. Villanueva's presentment here today.  Government?

MR. NAWADAY:  That's correct, your Honor.  The parties have conferred and have proposed bail conditions for your Honor's consideration.  The parties propose --

THE COURT:  I'm sorry.  Let me just get out the report of pretrial services department, which I've read.

Go ahead, sir.

1     MR. NAWADAY:  The parties propose that the defendant
2  be released on a $200,000 personal recognizance bond, cosigned
3  by two financially responsible persons.  Defendant surrender
4  his passport and make no new applications for travel documents.
5  Defendant's travel be restricted to the Southern and Eastern
6  Districts of New York.  Defendant be put on regular pretrial
7  services supervision.  Defendant surrender all firearms, to the
8  extent they haven't already been surrendered.  And defendant
9  refrain from possessing firearms.  And the defendant can be
10 released on his own signature today, with the financially
11 responsible persons to come sign within one week.
12     THE COURT:  Mr. Quinn, I gather from what Mr. Nawaday
13 said that that's acceptable to the defense?
14     MR. QUINN:  It is, Judge.  We conferred this morning.
15 I'm aware of that.  I anticipate that.  We've already got the
16 two FRPs lined up, so I don't anticipate any difficulty meeting
17 that.
18     I will note, your Honor, that my client's passport is
19 already in possession of the federal government.  So that was
20 surrendered this morning.  And he is not in possession of any
21 weapons.  They were all removed --
22     THE COURT:  What happened to them?  He has weapons as
23 a police officer.  Where are they?
24     MR. QUINN:  They were taken by the New York City
25 Police Department, your Honor.

G6KELICC

1     THE COURT:  He has no personal weapon, anything of
2 that nature?
3     MR. QUINN:  He doesn't have any other weapons in the
4 house or anywhere else under his name.  That's correct, Judge.
5     THE COURT:  Thank you, sir.
6     Given that, I am going to impose the following bail
7 conditions.  And Mr. Villanueva is eligible to be released on
8 those conditions.
9     First, regular pretrial services supervision.  A
10 direction -- I'm informed by defendant's counsel that he turned
11 his passport over to the government already.  So a direction
12 will be to not make any additional applications for passports
13 or travel documents.  I'm going to restrict travel to the
14 Southern and Eastern Districts of New York.  I'm going to set a
15 $250,000 personal recognizance bond signed by two financially
16 responsible persons.
17     MR. QUINN:  Judge, we had agreed to 200, your Honor.
18     THE COURT:  I'm sorry.  200, then.  $200,000 personal
19 recognizance bond.
20     MR. QUINN:  Thank you.
21     THE COURT:  Signed by two financially responsible
22 persons.
23     If there's any dispute as to whether the applicants
24 are financially responsible, it can be brought to my attention.
25 Those signatures are to be affixed within one week.  The

G6KELICC

1   defendant may be released today upon his signature on the
2   $200,000 personal recognizance bond.  The defendant is not to
3   apply for licenses for additional firearms and is not to
4   possess any firearms whatsoever.
5              I'm also going to direct that Mr. Villanueva have no
6   contact with any codefendant in this case or anyone he has
7   reason to believe is involved in the case -- if there's any
8   issue, he can speak with his counsel about that -- unless his
9   lawyer is present.
10             I think that's all the conditions.  Government, is
11  that all the conditions the government recited?
12             MR. NAWADAY:  Yes, your Honor.
13             THE COURT:  As agreed upon?  All right.
14             Does your wife have a passport, Mr. Villanueva?
15             DEFENDANT VILLANUEVA:  Yes.
16             THE COURT:  I'd like that turned over to the
17  government as well.  That's another -- that's an additional
18  condition.
19             MR. QUINN:  Judge, if you could just give us 24 to 48
20  hours to get that done.
21             THE COURT:  Of course.
22             MR. QUINN:  Thank you.
23             THE COURT:  Within the week.  That's perfectly all
24  right.
25             MR. QUINN:  Thank you.

G6KELICC

|   |   |
|---|---|
| 1 | THE COURT:  Mr. Quinn, I wish to inform you what you |
| 2 | may already know; that is, that Mr. Capone was a law clerk of |
| 3 | mine about a decade ago. |
| 4 | MR. QUINN:  I heard that, Judge. |
| 5 | THE COURT:  Thank you. |
| 6 | MR. QUINN:  I appreciate you letting me know, Judge. |
| 7 | THE COURT:  Anything else? |
| 8 | MR. NAWADAY:  Your Honor, the government moves to |
| 9 | exclude time under the Speedy Trial Act until August 16, 2016, |
| 10 | the date of the next conference.  The exclusion is appropriate |
| 11 | because it will permit the defense to review the discovery and |
| 12 | determine what, if any, motions should be filed. |
| 13 | THE COURT:  Well, it's already in place in this |
| 14 | action, but I think there's no harm in imposing it again, |
| 15 | applying it again. |
| 16 | Mr. Quinn, do you have any objection? |
| 17 | MR. QUINN:  No, your Honor. |
| 18 | THE COURT:  Then on motion of the government -- and I |
| 19 | take it, Mr. Finkel, you don't have any objection either, since |
| 20 | it's already -- |
| 21 | MR. FINKEL:  Yes, your Honor.  No objection. |
| 22 | THE COURT:  On motion of the government, and with the |
| 23 | consent of each of the defense attorneys on behalf of their |
| 24 | respective clients, I hereby exclude time from today until |
| 25 | August 16th from calculation under the Speedy Trial Act.  I |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G6KELICC

1  make the finding that the ends of justice outweigh the
2  interests of the public and of each of the defendants in a
3  speedy trial.  I take it, I believe the motion is being made
4  under 18, United States Code, Section 3161(h)(7)(A).  And I am
5  imposing it in the interest of justice, an exclusion for
6  purposes to allow the government to fulfill its discovery
7  obligations and the defense to determine what motions, if any,
8  it intends to make, and if the parties wish to commence
9  discussions toward a consensual resolution here.  The exclusion
10 is from today until August 16th.
11          Anything additional I can do for the government?
12          MR. NAWADAY:  No, your Honor.
13          THE COURT:  Anything additional I can do for
14 Mr. Lichtenstein?
15          MR. FINKEL:  Nothing.  Thank you, your Honor.
16          THE COURT:  Anything additional I can do for
17 Mr. Villanueva?
18          MR. QUINN:  No.  Thank you, Judge.
19          THE COURT:  Thank you, then, everyone.  I'll see you
20 on August 16th.  Thank you.
21          (Adjourned)
22
23
24
25